**Willie MASSEY, Plaintiff,**

v.

**PRINCE GEORGE'S COUNTY, et al., Defendants.**

**Civ. No. PJM 95–185.**

United States District Court, D. Maryland.

Dec. 8, 1995.

Steven T. Cain, Cain & Wyrough, Upper Marlboro, MD, for plaintiff.

Michael P. Whalen, Andrew J. Murray, Office of County Solicitor, Upper Marlboro, MD, for defendants.

## OPINION

MESSITTE, District Judge.

### I.

The Court takes this occasion to address the matter of counsel's responsibility for bringing legal authority to its attention in appropriate fashion.

What the Court *sua sponte* decides is to reverse its earlier decision dismissing certain causes of action in this case and to keep the matter in federal court; the manner in which this reversal has come about, however, merits discussion in its own right.

### II.

Plaintiff Willie Massey alleges that in the early morning hours of November 4, 1992 he was sleeping in a vacant or abandoned building in Cheverly, Maryland. He contends that all of a sudden he was awakened by Prince George's County police officers who, without warning, set their police dog upon him. Massey says that although he offered no resistance, the animal proceeded to bite him and inflict painful and permanent injury all over his body. In his Third Amended Complaint before the Court, Massey has sued the individual officers for assault and

battery under Maryland law and for deprivation of his Fourth Amendment rights, i.e. for use of excessive force, under 42 U.S.C. § 1983.[1] The officers have denied liability, claiming that Massey was warned about the dog in a loud voice and that he resisted their efforts to arrest him.

Earlier in these proceedings, Defendants filed a fifteen page Motion for Summary Judgment to which excerpts from depositions of Plaintiff and various officers were appended. With regard to the Section 1983 claims, Defendants argued that their seizure of Plaintiff and the force used by them were reasonable as a matter of law. After citing general Supreme Court law regarding such claims,[2] defense counsel invited the Court's attention to the case of *Robinette v. Barnes*, 854 F.2d 909 (6th Cir.1988), in which the U.S. Court of Appeals for the Sixth Circuit concluded that the use of a trained police dog in circumstances comparable to those in the case at bar was reasonable as a matter of law. Among other things, the Sixth Circuit Court observed:

"... that the circumstances warranted the use of deadly force. The facts indicate that Barnes had probable cause to believe that Briggs, a suspected felon hidden inside a darkened building in the middle of the night, threatened his safety and the safety of the other officers present. As the district court succinctly put it: 'a reasonably competent officer would believe that a nighttime burglary suspect, who, the officers had good reason to believe, knew the building was surrounded, who had been warned ... that a dog would be used, and who gave every indication of unwillingness to surrender, posed a threat to the safety of the officers'.... [T]his is a case where an officer was forced to explore an enclosed unfamiliar area in which he knew a man was hiding. Under the totality of the circumstances, Barnes was justified in using whatever force was necessary, even deadly force, to protect himself and the other officers to apprehend the suspect.' "
854 F.2d at 913–914

Accordingly, the district court's summary judgment in favor of defendants was affirmed.

In the present case, Plaintiff's Response to Defendants' Motion for Summary Judgment consisted of a single page, his Statement of Material Facts in Dispute barely more than two. In these, Plaintiff's counsel cited one case and one alone, namely the *Robinette* case already cited by defense counsel, which Plaintiff's counsel did no more than attempt to distinguish on its facts.

When the matter came on for oral argument, defense counsel again argued the applicability of *Robinette* to the present case, while Plaintiff's counsel again tried to distinguish *Robinette* on its facts, offering no further citation to authority.

At the conclusion of oral argument, largely on the strength of *Robinette*, the Court announced its decision to dismiss the two counts of excessive force, finding the officers' actions reasonable as a matter of law. What remained open, however, was the issue of whether Plaintiff's state law cause of action for assault and battery could survive in the face of the Court's ruling with regard to the two federal constitutional torts. The parties were invited to submit supplemental statements with regard to that limited issue.

### III.

Defense counsel has now submitted a one-page letter brief in conformity with the Court's request. Plaintiff's counsel has submitted a six-page letter which, while it comports with the Court's directive in part, in effect invites the Court to reconsider its dismissal of the two federal constitutional counts. Plaintiff seems to understand that his request for reconsideration is out of order at this time,[3] but there is a feature of coun-

---

1. Plaintiff's constitutional tort claim against Prince George's County has been bifurcated pending resolution of the issue of individual liability. *See Marryshow v. Town of Bladensburg,* 139 F.R.D. 318 (D.Md.1991).

2. *See e.g., Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *United States v. Place,* 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983).

3. As Plaintiff's counsel states at the conclusion of his letter, "Plaintiff does admit to being per-

sel's letter that cannot go unremarked even now. The critical feature is that for the first time Plaintiff's counsel cites legal authority directly on point to the case at bar. The case, *Kopf v. Wing*, 942 F.2d 265 (4th Cir. 1991), is not only an excessive force case involving a police dog, but is the controlling law in this Circuit. As the Court will discuss presently, that case clearly mandates denial of Defendants' Motion for Summary Judgment, which is to say reinstatement of the excessive force claims the Court recently dismissed. But the fact that *Kopf* has been cited for the first time by Plaintiff's counsel in a supplemental letter—well after the filing of his threadbare initial response to Defendants' Motion for Summary Judgment and his equally scant oral argument on the motion—is a cause for considerable concern. At the same time, the fact that this case has never been cited by defense counsel in his initial pleadings, in oral argument or indeed to this day, gives cause for even greater concern.

## IV.

In *Kopf*, a member of the bench in this district granted summary judgment on the following facts:

City police received a report of an armed robbery of a carry-out pizza shop in Hyattsville, Maryland, in which an individual with a handgun stole $100.00. Witnesses had recorded the license plate of the perpetrator's van and within minutes county police officers spotted the van and gave chase. Two of the occupants jumped from the vehicle and attempted to hide behind a shed in the backyard of a house in a residential neighborhood. One of the officers was accompanied by a canine unit dog which, the officer testified he warned in an extremely loud voice, would be released if the suspects did not come out. On deposition the suspects testified that they never heard any warning, although other police officers indicated that it was given. When the dog was released, it began to bite one of the suspects who responded by kicking at it. Although the police contended that the suspect was resisting

arrest, other evidence suggested he may only have been trying to make the dog stop biting. As the Fourth Circuit later phrased it, the suspect was soon after taken to a local hospital, "frightfully mauled".

On appeal, the Fourth Circuit reversed. It found genuine issues of material fact with regard to such matters as the alleged loud police announcement that a police dog was on the scene and that the suspects were called on to surrender. It also found a dispute of fact, based on experts' affidavits, with regard to whether releasing a dog without allowing time for a suspect to give up, especially where the suspect is cornered and escape impossible, is reasonable and appropriate to any legitimate purpose for the use of a dog. The court determined that a jury could have found it objectively unreasonable to require someone to put his hands up and calmly surrender while a police dog bit his private parts. Finally, the court held that "even if it found that force was necessary to arrest (the victim), a reasonable jury could nonetheless find the degree of force excessive." 942 F.2d at 269.

The parallels between *Kopf* and the case at bar are striking and need little elaboration. The Court accepts without question that, on the authority of *Kopf*, Plaintiff ought to have prevailed as against Defendants' Motion for Summary Judgment. Notwithstanding this, neither Plaintiff's nor Defendants' counsel brought the case to the Court's attention even through oral argument. Thereafter, only Plaintiff's counsel, never defense counsel, cited the case, and then only because the Court had directed briefing on another point of law.

## V.

One must assume that had Plaintiff's counsel, in preparing his initial Opposition to the Motion for Summary Judgment, exhibited the same degree of diligence that ultimately permitted him to locate the case in untimely fashion, he could have located the case in timely fashion. Instead, counsel offered only the sketchiest statement of grounds, reflect-

plexed by what the Court apparently intends to rule with regard to the federal counts, but is

aware that the Court indicated at the hearing it did not want more argument on that issue."

ing a bare minimum of legal research, showing every sign of having been dictated on the run. The net effect of this truncated effort was to consume valuable court time in oral argument and the preparation of supplemental briefs (not to mention preparation of the present Opinion), all of which could have been avoided by earlier diligence on counsel's part. Counsel appears to have forgotten two of the most fundamental rules of professional conduct.[4] First, Rule of Professional Conduct 1.1 provides that:

"[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

As a basic treatise has observed, "to provide competent representation, a lawyer must be able to research the law.", *Jacobstein* and *Mersky, Fundamentals of Legal Research* (5th ed.), p. 13. The Supreme Court of California in *Smith v. Lewis,* 13 Cal.3d 349, 530 P.2d 589, 118 Cal.Rptr. 621 (1975), expanded upon this obligation:

An attorney ... is expected ... to possess knowledge of those plain and elementary principles of law which are commonly known by well-informed attorneys, and to discover those additional rules of law which, although not commonly known, may readily be found by standard research techniques.

13 Cal.3d at 358, 118 Cal.Rptr. 621, 530 P.2d 589.

■ The other Rule of Professional Conduct counsel has apparently misplaced is Rule 1.3 which holds that "[a] lawyer shall act with reasonable diligence and promptness in representing a client". Failure to pursue applicable legal authority in timely fashion may well constitute a violation of this rule.

*See Hazard & Hodes, The Law of Lawyering,* Section 1.1:102.

The action of defense counsel in this case raises a far more serious concern. It is possible that defense counsel also overlooked the *Kopf* precedent, but if he did, the oversight was glaring and extremely troublesome. *Kopf* not only deals with a claim of excessive force against police where a police dog was involved; individual Prince George's County police officers and the County itself were defendants in that case. Indeed, at least one attorney for Prince George's County in *Kopf,* as shown in the reported case, was an individual, whom the Court judicially notices, was still in the County Attorney's office at the time of the filing of the present Motion for Summary Judgment.[5]

■ The regrettable inference is that defense counsel in the instant case may in fact have deliberately failed to disclose to the Court directly controlling authority from this Circuit. If so, the action would constitute a clear violation of the Rules of Professional Conduct.

Thus, Rule 3.3(a)(3) provides that "a lawyer shall not knowingly ... fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." In federal court, the "controlling jurisdiction" is the circuit in which the district court sits. *Hazard & Hodes, op. cit.* § 3.3.207. Particularly disturbing is the type of case encountered here—a litigant who was an unsuccessful party to a directly relevant adverse precedent who has failed to cite that precedent to the court. *See e.g. Southern Pacific Transportation Co. v. Public Utilities Comm'n. of State of California,* 716 F.2d 1285, 1291 (9th

---

4. This Court applies the Rules of Professional Conduct as adopted by the Maryland Court of Appeals. See Local Rule 704.

5. *Kopf,* moreover, could hardly have been a run-of-the-mill case in Prince George's County's experience. Following the Fourth Circuit decision, the County filed a petition for *certiorari* to the Supreme Court, which was denied *sub. nom. Prince George's County v. Kopf,* 502 U.S. 1098, 112 S.Ct. 1179, 117 L.Ed.2d 423 (1992). Fur-

ther, upon remand and retrial, the trial court again entered judgment in favor of the County and the police officers, and the case went to the Fourth Circuit a second time, where it was again reversed. *See Kopf v. Skyrm,* 993 F.2d 374 (4th Cir.1993). On the County's second brief to the Fourth Circuit, in addition to the Assistant who continues in the office to this day, was the County Attorney for Prince George's County who, at least as of the time the Motion for Summary Judgment was filed in the present case, was also still in office.

Cir.), *cert. denied* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984).[6] The Court cannot help but ponder the County's actions.

■ Under the circumstances, the Court will direct defense counsel to show cause to the Court in writing within thirty (30) days why citation to the *Kopf* case was omitted from his Motion for Summary Judgment, oral argument, and indeed from any pleading or communication to date.

The Court also recollects that in the last several months counsel for Prince George's County was before the Court in at least one other police dog excessive force case in which a Motion for Summary Judgment in favor of the County was granted. It may be that *Kopf* was omitted from the pleading in that proceeding as well. Accordingly, the Court directs defense counsel and the Office of the Prince George's County attorney, within sixty (60) days to disclose to the Court the status of that case and any and all police dog excessive force cases involving Prince George's County that were pending as of August 9, 1991, the date *Kopf* was decided by the Fourth Circuit, or that have been filed from that date to the present. The Court's Show–Cause Order, entered simultaneously with this Opinion, spells out the information that is to be provided. Any further sanctions that may be imposed by the Court will depend on the County's showing of cause pursuant to this directive.

Enough has been said for now. No formal Motion for Reconsideration need be filed by Plaintiff's counsel since, as indicated, *Kopf* clearly dictates reinstatement of the excessive force claims. In consequence, the state court claim for assault and battery also remains in the case.

### ORDER TO SHOW CAUSE

For the reasons set forth in the Court's Opinion entered this day, it is this 8th day of December, 1995

ORDERED that defense counsel and the Office of the County Attorney for Prince George's County shall show cause in writing within thirty (30) days of the date of this Order:

1. Why the case of *Kopf v. Wing*, 942 F.2d 265 (4th Cir.1991), was not cited in Defendant's Motion for Summary Judgment, in oral argument on the Motion, or in any communication with the Court heretofore; it is further

ORDERED that, defense counsel and the Office of the County Attorney for Prince George's County shall disclose in writing within sixty (60) days of the date of this Order:

1. For the period beginning August 9, 1991 to the present, the title of every case in which a claim for excessive force involving the use of a police dog was filed against Prince George's County and one or more of its police officers (including the name of the case, the court in which the case was filed, and the caption number of the case);

2. For each case in the indicated category, a statement of the status of the case as of December, 1995, (e.g. settled; pending; dismissed).

3. For each case in the indicated category, a statement of whether a Motion for Summary Judgment or Motion to Dismiss was filed; whether *Kopf v. Wing* was cited in any of the County's pleadings; and whether the Motion was granted or denied.

---

**6.** To the extent that defense counsel or Prince George's County may believe *Kopf* was wrongfully decided, that of course would be beside the point. While it may be true that other circuits, including the Sixth Circuit in *Robinette,* have granted summary judgment in comparable police dog cases, *See also Shannon v. City of Costa Mesa,* 46 F.3d 1145 (9th Cir.1995), 1995 WL 45723 (9th Cir.), *cert. denied* —— U.S. ——, 116 S.Ct. 84, 133 L.Ed.2d 42 (1995), nonetheless Fourth Circuit precedent controls in the Maryland federal district until the Circuit or the U.S. Supreme Court say otherwise. Counsel or the County's obligation to disclose *Kopf* would in no way be diminished by their disagreement with the *Kopf* rationale.