**Willie MASSEY, Plaintiff,**

v.

**PRINCE GEORGE'S COUNTY,
et al., Defendants.**

**Civil No. PJM 95–185.**

United States District Court,
D. Maryland.

March 4, 1996.

testimony. (Tr.Vol. 2 at 227).

Steven T. Cain, Cain & Wyrough, Upper Marlboro, Maryland, for plaintiff.

Michael P. Whalen, Andrew J. Murray, Office of County Solicitor, Upper Marlboro, Maryland, for defendants.

1. "Respondents" comprehends Defendants as

*SUPPLEMENTAL OPINION*

MESSITTE, District Judge.

## I.

In this case alleging excessive use of force by police, the Court earlier granted Defendants' Motion for Summary Judgment. Subsequently a case from the United States Court of Appeals for the Fourth Circuit was brought to the Court's attention which the Court deemed controlling and directly adverse to Defendants' position. *See Kopf v. Wing*, 942 F.2d 265 (4th Cir.1991), *cert. denied* 502 U.S. 1098, 112 S.Ct. 1179, 117 L.Ed.2d 423 (1992). Defendants had not cited *Kopf* in their motion nor had Plaintiff cited it in his opposition. Neither side raised the case at oral argument. Particularly troublesome to the Court was the fact that Prince George's County, Defendant here, had also been a defendant in *Kopf*. Sensing a possible violation of Rule of Professional Conduct 3.3(a)(3), which provides that "(a) lawyer shall not knowingly ... fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel," the Court ordered Defendants and defense counsel to show cause why the case had not been cited. *See Massey v. Prince George's County*, 907 F.Supp. 138 (D.Md.1995).

Respondents[1] have now submitted their response to the Show Cause Order.

The Court addresses the sufficiency of that response.

## II.

Respondents' first answer to the question of why they failed to cite *Kopf* is that the Assistant County Attorney handling the case did not know of the decision, possibly because he joined the County Attorney's Office more than a year after the decision was issued. Their further response is that the Assistant County Attorney who participated in *Kopf* and who is still in the County Attor-

well as defense counsel.

ney's Office did not actually participate in the present case. Similarly, say Respondents, the County Attorney who signed the *Kopf* appeal brief and who was still in the office as of the time of the instant case did not actually participate in this case nor, for that matter, in the *Kopf* case. Accordingly, Respondents argue that they did not "knowingly" fail to disclose *Kopf*.

Their second response is that *Kopf* is not in fact "directly adverse" to their position; hence they had no obligation to disclose it in any event. As Respondents put it:

> [a] close reading of *Kopf* reveals that it does not establish any new law; instead it applies the established law to a given set of facts. As such, *Kopf* is only "directly adverse" to the Defendants' position here if the cases are factually indistinguishable.

Respondents then proceed to cite a number of facts which they contend are readily distinguishable. The Court summarizes these purported distinctions in the following chart:

| Kopf | Present Case |
| --- | --- |
| PA announcement made—Disputed | PA announcement made—Not disputed |
| Affidavits of experts on police dogs used | No such affidavits used |
| Suspect refused to surrender—Disputed | Suspect refused to surrender—Disputed[2] |
| Head blows in addition to dog bites | No head blows—just single blow to back |
| Suspect had gun—Disputed | Suspect had no weapon—Not disputed |
| Where altercation occurred—Disputed | Where altercation occurred—Undisputed |

### III.

■ The Court deals with the second part of Respondents' submission first. The Court finds the response to be incorrect in at least two respects. *Kopf*, to some extent, did "make new law" at least as far as the Fourth Circuit is concerned. Moreover the factual distinctions Respondents make are either unconvincing or simply immaterial.

Whatever else *Kopf* says, it bluntly declares "that a jury could find it objectively unreasonable to require someone to put his hands up and calmly surrender while a police dog bites his scrotum." 942 F.2d at 268. In other words, *Kopf* goes on to say, "even if it found that force was necessary ... a reasonable jury could nonetheless find the degree of force excessive," 942 F.2d at 269. Indeed, if the law were otherwise, the fact that the slightest force might be justified would give the police license to have their dog chew a suspect to death. In the present case, Plaintiff maintains that he was not resisting arrest, merely defending himself, after the dog was set upon him. He contends that he received bites to his arms, legs, back, neck and other body parts, hardly a de minimis amount of force.

■ Consistent with *Kopf*, these bites, together with Plaintiff's contention that he was only defending himself against the dog, suffice to raise a triable issue of excessive force.

Moreover, contrary to Respondents' position, in suggesting excessive force, certain facts of the present case not only match those of *Kopf*, they surpass them. For example, unlike *Kopf*, where the police had reason to believe the suspect was an armed robber, here, for all the police knew, the suspect could have been (indeed it turned out he was) merely a trespasser sleeping in a vacant building. Such a scenario would suggest the need for less rather than more force. Additionally, the fact that Plaintiff was asleep when the dog was set upon him tends to indicate that he may not have been actively resisting arrest. Finally, the undisputed absence of a weapon in this case also tends to

2. Respondents are unclear on this point, simply averring that in *Kopf* there was a dispute over whether the suspect refused to surrender. The implication of this "distinction" is that in the present case either Plaintiff refused to surrender and there is no dispute over the fact or Plaintiff did not refuse to surrender and there is no dispute over that fact. Clearly, however, Plaintiff in this case maintains that he was merely fighting off the dog, not resisting arrest. Thus, Respondents' "distinction" is puzzling. If there is a dispute over whether Plaintiff was refusing to surrender, then the fact is indistinguishable from *Kopf*. If, on the other hand, there is no dispute that Plaintiff was not refusing to surrender, then Respondents are virtually conceding that extensive dog bites were unnecessary. The Court will give Respondents the benefit of the less damaging proposition. But it remains factually incorrect inasmuch as Plaintiff does dispute that he refused to surrender. Accordingly in this particular *Kopf* is indistinguishable from the present case.

suggest that the dog bites were less rather than more appropriate.

Other alleged factual distinctions between *Kopf* and the present case are simply immaterial. It can be assumed that any PA announcement made was not heard in the present case. That would still not license unlimited use of the police dog. Similarly, the presence or absence of expert testimony signifies nothing; no testimony is needed on the issue of whether the number of bites inflicted against a non-resistant subject is excessive. At the same time whether, in addition to the dog bites, the police struck one blow or several is of minimal import. The gist of the present claim of excessive force is dog bites. While in *Kopf* the excess was either dog bites or blows or both, clearly dog bites alone can be objectively unreasonable.

Thus, the Court remains firm in its view that, in key relevant respects, *Kopf* is very much on point, *i.e.* "directly adverse" to Respondents' position.

■ But Respondents' position is flawed in a more fundamental sense. Even if one assumes for the sake of argument that *Kopf* could be factually distinguished from the case at bar, there is always the possibility that a judge might disagree, that despite Respondents' view he might ultimately find the omitted case on point and directly adverse to their position. Respondents thus undertake a bold and risky gambit. They rely on their mere ipse dixit that the case is distinguishable and therefore unnecessary to call to the Court's attention. But careful lawyering demands greater sensitivity. In this district, whenever a case from the Fourth Circuit

comes anywhere close to being relevant to a disputed issue, the better part of wisdom is to cite it and attempt to distinguish it. The matter will then be left for the judge to decide. While Respondents may still in time be judged unsuccessful in their attempt to distinguish the case, they will never be judged ethically omissive for failing to cite it.[3]

## IV.

■ The Court turns to Respondents' further answer to its Show Cause Order, namely that the Assistant County Attorney who filed the Motion for Summary Judgment in this case did not know about the *Kopf* case. That, of course, may well be true, but the question is, ought he to have known? As with Plaintiff's counsel in these proceedings, defense counsel had an obligation under Rule of Professional Conduct 1.1 to provide "competent representation," which includes an ability to research the law. Similarly, Rule 1.3 requires that "a lawyer shall act with reasonable diligence and promptness in representing a client," which includes pursuing applicable legal authority in timely fashion. Case reports are available in hard cover and on-line from computers.[4]

■ Respondents' further suggestion that more senior County Attorneys were not involved in the *Kopf* case (despite the presence of their names on the brief) or were not actively involved in the present case provides no justification at all. Attorneys who affix their names to a brief have an obligation to know what it is that they are signing. *See* Fed.R.Civ.P. 11(b)(1) (signature of attorney on pleading certifies, after reasonable inqui-

---

3. *See* Charles W. Wolfram, *Modern Legal Ethics,* § 12.8 (1986):

The mandatory reach of [Rule 3.3(a)(3)] is effectively neutralized in many real-life settings because it merely parallels what prudence dictates independently. Effective advocacy of a client's legal position will most often involve full revelation of adverse authorities, together with arguments distinguishing or criticizing them. Candor here both takes the wind from an opponent's sails and instills judicial trust in the quality and completeness of presentation.

4. The Natural Language search method on Westlaw allows one to enter a string of concepts that

describes one's research issue. Westlaw then retrieves the documents that have the highest likelihood of matching the concepts in the description. Westlaw ranks the documents in descending order as to how often the search terms occur in close proximity to one another. As of March 1, 1996, a search in the Fourth Circuit database with the concepts "EXCESSIVE FORCE POLICE DOG BITE" reveals that the two most frequently referenced cases are (1) *Kopf v. Skyrm,* 993 F.2d 374 (4th Cir.1993), which is the appeal after remand of *Kopf v. Wing,* 942 F.2d 265 (4th Cir.1991), and (2) *Kopf v. Wing* itself.

ry, that defense is warranted by existing law). Moreover, Senior County Attorneys ought to be supervising the pleadings of more junior assistants. At the same time, in areas of law such as police excessive force cases in which governmental entities (including Prince George's County) are involved on a recurrent basis, a corpus of applicable law ought to be assembled and made available to all members of the County Attorney's Office at all times. It should never happen that an excessive force case in which Prince George's County itself was a defendant, which went to the Fourth Circuit and is carried in the Federal Reporter, is not pervasively known throughout the County Attorney's Office.

Thus, while it may be true that one Assistant County Attorney did not know about the *Kopf* case and others more senior did not know that attorney did not know, that is not the end of the matter. Individual attorneys may not merit sanctions, but it is clear that the Office of the Prince George's County Attorney overall needs to look to its internal organization. At a minimum, tighter oversight of each attorney's court filings is called for. The Office of the County Attorney would do well to see that the sort of omission that occurred here does not occur again.

## V.

The second part of the Court's Order to Show Cause dated December 8, 1995, directed that Prince George's County disclose:

1) For the period beginning August 9, 1991 to the present, the title of every case in which a claim for excessive force involving the use of a police dog was filed against Prince George's County and one or more of its police officers (including the name of the case, the court in which the case was filed, and the caption number of the case);

2) For each case in the indicated category, a statement of the status of the case as of December, 1995 (*e.g.* settled; pending; dismissed);

3) For each case in the indicated category, a statement of whether a Motion for Summary Judgment or Motion to Dismiss was filed; whether *Kopf v. Wing* was cited in any of the County's pleadings; and whether the Motion was granted or denied.

The County has now complied with this request, citing some 18 such cases, in 5 of which dispositive motions were filed and *Kopf* was not cited.

In one of those cases, this member of the Court granted summary judgment in favor of the County. The Court has determined *sua sponte* that it will review the file in that case to determine whether or not to order its reinstatement. As for the other cases in which such motions were filed, the Court has determined to write to the federal or state judge who handled the case and advise the judge of the present proceeding, indicating that a dispositive motion was filed in that judge's own case and that *Kopf* (which may have been controlling) was not cited therein. The Court intends to do no more than direct the judge's attention to the problem and leave it to each judge to follow up on the matter as the judge sees fit.

Beyond that, no sanctions will be imposed. The Court has stated its concerns. The fact that these concerns have been set out in a published opinion should more than suffice to bring home to the Prince George's County Attorney's Office the seriousness of the matter and the need for more careful compliance in the future.

A separate Order implementing this Opinion will issue.

## ORDER

The Court having issued a Show Cause Order dated December 8, 1995 and Defendant Prince George's County and its counsel, the Prince George's County Attorney's Office, having timely responded thereto, it is this 4th day of March, 1996

ORDERED that, subject to the findings of the Court in the accompanying Opinion, Prince George's County and its counsel have shown cause; and it is further

ORDERED that the Court will review the case of *Lynn Hardin v. Mary Shields, et al.*, Case No. PJM 92–1787 in this Court, to determine whether or not that case should be reinstated; and it is further

ORDERED that the Court will write to various judges in connection with every other case cited by Prince George's County in its letter to the Court dated February 8, 1996, wherein the County filed a dispositive motion but did not cite the case of *Kopf v. Wing,* 942 F.2d 265 (4th Cir.1991) (copy of letter attached hereto).

 THE PRINCE GEORGE'S COUNTY GOVERNMENT

**OFFICE OF LAW**
**Room 5121, County Administration Building**
**Upper Marlboro, Maryland 20772**
**(301) 952-5237**
**Fax: (301) 952-3071**

February 8, 1996

The Honorable Peter J. Messitte
United States District Judge
United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re: <u>Willie Massey v. Prince George's County, et al</u>.
Civil No. PJM-95-185

Dear Judge Messitte,

You had requested that certain information be disclosed regarding cases "in which a claim for excessive force involving the use of a police dog was filed". Since we do not keep records by factual allegations (i.e., "use of police dog, etc."), I cannot certify that this list is complete. However, I have spoken with every attorney in the office who handles such cases and believe that these are all the cases (excluding, of course, <u>Massey</u> and <u>Kopf</u> which you obviously know about):

1. <u>Timothy Brooks v. Prince George's County</u>
CAL 92-23570, Circuit Court for Prince George's County
Case pending. No motion filed. <u>Kopf</u> not cited.

2. <u>Dorothy Carter v. Trent Tolson, et al</u>.
PJM-92-2794, U.S. District Court
Case dismissed for discovery violation. <u>Kopf</u> not cited.

3. <u>Norman Clements v. Prince George's County, et al</u>
HAR-90-1878, U.S. District Court
Defense verdict. No motion filed. <u>Kopf</u> not cited.

County Administration Building — Upper Marlboro, Maryland 20772
TDD—(301)—925—5167

The Hon. Peter J. Messitte
February 8, 1996
Page 2

4. Alphonzo Dawson v. Prince George's County
AW-95-1247, U.S. District Court
Case pending. No motion filed. Kopf not cited.

5. Paul Glen Hamilton v. Daniel Russell, et al.
PJM-95-1999, U.S. District Court
Case pending. No motion filed. Kopf not cited.

6. Lynn Harden v. Mary Shields, et al.
PJM-92-1787, U.S. District Court
Summary judgment granted. Kopf not cited.

7. Lewis Harris v. Prince George's County
CAL 92-13404, Circuit Court for Prince George's County
Summary judgment granted. Kopf not cited.

8. Michael Lawrence v. Prince George's County
WMN-94-712, U.S. District Court
Case pending. No motion filed. Kopf not cited.

9. John McClaskey v. Prince George's County
CAL 94-9568, Circuit Court for Prince George's County
Defense verdict on appeal. Motion for summary judgment denied.
Kopf not cited.

10. Andre Morgan v. Joseph Wing, et al.
CAL 90-4851, Circuit Court for Prince George's County
Plaintiff's verdict. Motion denied. Kopf not cited.

11. Raymond Terrell v. Prince George's County
CAL 92-22583, Circuit Court for Prince George's County
Case pending. No motion filed. Kopf not cited.

12. Nadine Thigpen v. Mary Shields, et al.
PJM-94-827, U.S. District Court
Case pending. Summary judgment motion granted in part, denied in part
Kopf not cited.

The Hon. Peter J. Messitte
February 8, 1996
Page 3

13. Timothy Traynor v. Daniel Russell, et al
CCB-94-766, U.S. District Court
Case pending. No motion filed. Kopf not cited.

14. Robert VanNort v. Cpl. T A. Montelara, et al.
JFM-95-2623. U.S. District Court
Case pending. No motion filed. Kopf not cited.

15. Esther Vathekan v. Prince George's County
S-95-2783, U.S. District Court
Case pending. Motion to dismiss denied. Kopf not cited

16. Allen Waddy v. John Romine, et al.
CAL 89-17336, Circuit Court for Prince George's County
Case pending. No motion filed. Kopf not cited.

17. Glen Keith West v. Robert Raimond, et al.
MJG-88-3455, U.S. District Court
Defense verdict. No motion filed. Kopf not cited.

18. Salathiel Wright v. Town of Glen Arden, et al.
B-92-2836, Circuit Court for Prince George's County
Status unknown. (County wrongly sued for alleged acts of Town police so
Plaintiff voluntarily dismissed as to County.) Kopf not cited.

Of course, by "motion" I mean a Motion for Summary Judgment or Motion to
Dismiss which address the merits of an excessive force claim. Other motions may have been
filed.

Sincerely yours,

Sean D. Wallace
Deputy County Attorney

SDW·cm
40-116418-93
i \sdw\canine case.wpd